# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

JAVIER CAPOTE CAUZ,

      Petitioner,

v.

                                                                 Case No. 1:23-cv-00087
                                                                 Consolidated with
                                                                 Case No. 1:23-cv-00126

M. M. LEFEVER, Acting Warden, FCI McDowell,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

      These consolidated matters are assigned to the Honorable David A. Faber, Senior United States District Judge, and are referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), his Supplemental Petition (ECF No. 5) (which was the petition filed in case No. 1:23-cv-00126), and Respondent's Motion to Dismiss (ECF No. 9).

      I.      RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      While incarcerated at FCI McDowell in Welch, West Virginia, Petitioner filed these two habeas corpus petitions seeking application of Federal Earned Time Credit ("FTC") under the First Step Act of 2018. (ECF Nos. 1, 5). On June 14, 2023, Respondent responded to the petition, asserting that Petitioner's request for relief was premature and not ripe for review because Petitioner was not yet eligible for FTC application. Petitioner did not file a reply. Unfortunately, however, as asserted in Respondent's subsequent Motion to Dismiss, Petitioner passed away on July 8, 2023, so his petition is now moot.

## II.   DISCUSSION

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.   U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).   When a case or controversy no longer exists, the claim is said to be "moot."   In the context of habeas corpus, a case is rendered moot when the inmate is no longer in the custody being challenged, without collateral consequences, and the court cannot remedy the inmate's grievance.   *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).   Because Petitioner is deceased, this court cannot grant him his requested relief and his petition is moot.   *See, e.g., Rivera v. Pearlman,* No. 02 Civ. 2399(LAK), 2004 WL 533333, at *1 (S.D.N.Y. Mar. 16, 2004) (dismissing habeas petition brought under 28 U.S.C. § 2241(c) where petitioner died after he filed the petition; petition was mooted since there was no relief that could be granted to him).

## III.   RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition was mooted by his death.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 9), **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1, 5), and dismiss these consolidated matters from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation in both civil actions, mail a copy of the same to Petitioner at his last known address, and transmit a copy to counsel of record.

May 23, 2024

Dwane L. Tinsley
United States Magistrate Judge